UNITED STATES DISTRICT COURT

for the

Northern District of Texas

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2014 JUL 29  AM 9: 30

DEPUTY CLERK_____

| | | |
|---|---|---|
| David Despot, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | **3-14CV2711-B** |
| Dominic Bertini, | ) | |
| Defendant | ) | Jury Trial Requested |
| | ) | |

### COMPLAINT  (July 26, 2014)

1.      In preparing and filing this Complaint (July 26, 2014) against Defendant

Dominic Bertini (Defendant), Plaintiff David Despot (Plaintiff) utilized: (a) the guide

entitled "A Step-By-Step Guide To Filing A Civil Lawsuit In The United States District

Court For The Western District Of Texas"; and (b) the handbook entitled "Pro Se

Handbook For Civil Suits In The United States District Court For The Northern District

of Texas; and (c) the guide ("Representing Yourself In United States District Court: A

Guide for Pro Se Litigants – Southern District of Ohio"); and (d) the handbook entitled

"Pro Se Handbook – United States District Court – Southern District of Indiana."  These

guides and handbooks have been prepared to assist pro se litigants in pursuing their

claims in United States District Courts. Accordingly, this Complaint includes the three applicable sections as follows:

> (A) A statement of the Court's jurisdiction over the Plaintiff and the Defendant (the Court's authority to hear and determine the case) and the subject matter (the facts of the case which support the Plaintiff's claims); and

> (B) A statement of claims or causes of action against the Defendant (i.e., what the Defendant did wrong to the Plaintiff); and

> (C) Plaintiff's requests for relief, such as money damages, injunction, or other action the Plaintiff wants the Court to take.

## (A) A STATEMENT OF THE COURT'S JURISDICTION OVER THE PLAINTIFF AND THE DEFENDANT (THE COURT'S AUTHORITY TO HEAR AND DETERMINE THE CASE) AND THE SUBJECT MATTER (THE FACTS OF THE PLAINTIFF'S CASE WHICH SUPPORT THE PLAINTIFF'S CLAIMS):

2.    **The Plaintiff in this Complaint is David Despot (Plaintiff).**  Plaintiff David Despot currently resides at 27611 Evergreen Run, Imperial, PA  15126.  David Despot's current telephone number is 412-855-9047.  Plaintiff David Despot resided at the time of applicable employment at 5723 Sterling Lakes Circle, # 206, Mason, OH, 45040 and then at 5584 HarbourWatch Way, Unit 202, Mason, OH, 45040.

3.    **The Defendant in this Complaint is: (1) Dominic Bertini (Defendant).** Defendant Dominic Bertini's residence address in the state of California is unknown and

Defendant Dominic Bertini's employment address is Torchmark Corporation, 3700 South Stonebridge Drive, McKinney, TX, 75070.  Defendant Dominic Bertini's residence telephone number in the state of California is unknown and Defendant Dominic Bertini's employment telephone number in McKinney, TX is 972-569-4000.

4.      **Jurisdiction plea** for this case includes subject matter jurisdiction, personal jurisdiction, and diversity jurisdiction.  Regarding subject matter jurisdiction, this honorable United States District Court has subject matter jurisdiction as the Plaintiff David Despot (Plaintiff) is suing a citizen of a different state and the Plaintiff is asking for more than $75,000 in money damages and this honorable United States District Court is allowed to interpret the particular laws that apply.  Regarding personal jurisdiction, the Plaintiff and the Defendant Dominic Bertini (Defendant) have substantial-enough connections to the applicable location of this honorable United States District Court for which it presides over to make it fair that this honorable United States District Court gets to rule on this case.  Regarding diversity jurisdiction, this honorable United States District Court has diversity jurisdiction over and to hear and to decide this case as the Plaintiff and the Defendant reside in different states and there are more than $75,000 in potential damages.

## (B) A STATEMENT OF CLAIMS AND CAUSES OF ACTION AGAINST THE DEFENDANT (I.E., WHAT THE DEFENDANT DID WRONG TO THE PLAINTIFF):

5.      The Plaintiff David Despot (Plaintiff) is making the following claims and causes of action listed below against the Defendant Dominic Bertini (Defendant).

6.      On or about July 30, 2012, the honorable United States District Court for the Southern District of Ohio dismissed a Complaint filed by David Despot against American Income Life Insurance Company and Torchmark Corporation. The complete Case file (Complaint, associated Court documents, and associated EEOC documents for case filed by David Despot against American Income Life Insurance Company and Torchmark Corporation in the Honorable United States District Court for the Southern District of Ohio) is incorporated herein by reference as though set forth at length.

7.      On or about July 2, 2013, the honorable United States Court of Appeals for the Sixth Circuit affirmed the district court's judgment. The complete Case file (Appeal, associated Court documents, and associated EEOC documents for appeal filed by David Despot against American Income Life Insurance Company and Torchmark Corporation in the Honorable United States Court of Appeals for the Sixth Circuit) is incorporated herein by reference as though set forth at length.

8.      On or about July 26, 2014, Plaintiff David Despot filed this Complaint against Defendant Dominic Bertini within this honorable United States District Court for the Northern District of Texas. A jury trail is requested by the Plaintiff for this Complaint and civil action.

9.      The Plaintiff David Despot (Plaintiff) is making claims against the Defendant Dominic Bertini (Defendant) as listed and shown below. Each claim is set forth in a separate, short, clearly written paragraph. Each is a short and plain statement of the claim showing why the Plaintiff David Despot is entitled to the relief requested. Each claim is stated in a separately numbered paragraph with a statement of a single set of factual circumstances. Each describes the acts or omissions that the Plaintiff believes

violated his rights and caused injury including identification of right and describing the injury.

11.    **Breach of Fiduciary Duty** under Federal Laws and/or Texas State Laws:

Causes of action for breach of fiduciary duty by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment, and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation.  A partial list of specific examples of breach of fiduciary duty of Defendant toward Plaintiff include:

(1) breach of fiduciary duty of Defendant toward Plaintiff in regards to Policy and Procedures Acknowledgement on July 28, 2007 and associated matters; and

(2) breach of fiduciary duty of Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith during his teenage years on the streets of LA of doing a pretty poor job of staying out of trouble with the law and associated matters; and

(3) breach of fiduciary duty of Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith of getting high when he was sixteen years old and associated matters; and

(4) breach of fiduciary duty of Defendant toward Plaintiff in regards to Acknowledgment of Training (sexual harassment sensitivity training) on December 9, 2008 and associated matters; and

(5) breach of fiduciary duty of Defendant toward Plaintiff in regards to employment-ending communication from Debra Gamble to Plaintiff that happened a couple of minutes before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(6) breach of fiduciary duty of Defendant toward Plaintiff in regards to meeting between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(7) breach of fiduciary duty of Defendant toward Plaintiff in regards to formal interview notes on October 27, 2009 and associated matters; and

(8) breach of fiduciary duty of Defendant toward Plaintiff in regards to employment termination on October 30, 2009 from American Income Life Insurance Company and from Torchmark Corporation and associated matters;

(9) breach of fiduciary duty of Defendant toward Plaintiff regarding Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) breach of fiduciary duty of Defendant toward Plaintiff regarding court case dismissal on July 30, 2012 detailed above and associated matters; and

(11) breach of fiduciary duty of Defendant toward Plaintiff regarding court appeal affirmation on July 2, 2013 detailed above and associated matters; and

(12) breach of fiduciary duty of Defendant toward Plaintiff regarding employment applications on November 30, 2013 for positions as Regional Director of Sales with American Income Life Insurance Company and with Liberty National Life Insurance Company and associated matters; and

(13) breach of fiduciary duty of Defendant toward Plaintiff regarding memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters; and

(14) breach of fiduciary duty of Defendant toward Plaintiff in regards to Memo Of

Understanding (Sexual Harassment Policy And Procedure) and associated matters; and

(15) breach of fiduciary duty of Defendant toward Plaintiff in regards to Plaintiff's

religious accommodation requests and associated matters; and

(16) breach of fiduciary duty of Defendant toward Plaintiff in regards to Plaintiff

opposing going to a strip club and participating in activities where Roger Smith was to be

present with undue pressure and intimidation from other Directors and associated

matters; and

(17) breach of fiduciary duty of Defendant toward Plaintiff in regards to Plaintiff

opposing the Company policy that was and continues to be discriminatory in that

Directors are expected to ride along in the field with men but not women during weekly

agency visits and associated matters; and

(18) breach of fiduciary duty of Defendant toward Plaintiff in regards to violations of

Company sexual harassment policy and other Company policies by Defendant and

Director Dominic Bertini; and

(19) breach of fiduciary duty of Defendant toward Plaintiff in regards to violations of

Company sexual harassment policy and other Company policies by Director Tony

Hinrichs; and

(20) breach of fiduciary duty of Defendant toward Plaintiff in regards to Plaintiff

opposing violations of Company sexual harassment and other Company policies against

Agent Altha Bodner and associated matters; and

(21) breach of fiduciary duty of Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) breach of fiduciary duty of Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) breach of fiduciary duty of Defendant  toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level positions and associated matters; and

(24) breach of fiduciary duty of Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) breach of fiduciary duty of Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) breach of fiduciary duty by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) breach of fiduciary duty by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) breach of fiduciary duty by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income. Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these claims listed above in this paragraph for breach of fiduciary duty by the Plaintiff against the Defendant are: (1) There is fiduciary relationship between the Plaintiff and the Defendant; (2) The Defendant breached his fiduciary duty to the Plaintiff; and (3) The Defendant's breach proximately caused injuries to the Plaintiff and benefits to the Defendant; AND

12.    **Breach of Oral Contracts** under Federal Laws and/or Texas State Laws:

Causes of action for breach of oral contracts by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation. A partial list of specific examples of breach of oral contracts by Defendant toward Plaintiff include:

(1) breach of oral contracts by Defendant toward Plaintiff in regards to Policy and Procedures Acknowledgement on July 28, 2007 and associated matters; and

(2) breach of oral contracts by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith during his teenage years on the streets of LA of doing a pretty poor job of staying out of trouble with the law and associated matters; and

(3) breach of oral contracts by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith of getting high when he was sixteen years old and associated matters; and

(4) breach of oral contracts by Defendant toward Plaintiff in regards to Acknowledgment of Training (sexual harassment sensitivity training) on December 9, 2008 and associated matters; and

(5) breach of oral contracts by Defendant toward Plaintiff in regards to employment-ending communication from Debra Gamble to Plaintiff that happened a couple of minutes before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(6) breach of oral contracts by Defendant toward Plaintiff in regards to meeting between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(7) breach of oral contracts by Defendant toward Plaintiff in regards to formal interview notes on October 27, 2009 and associated matters; and

(8) breach of oral contracts by Defendant toward Plaintiff in regards to employment termination on October 30, 2009 from American Income Life Insurance Company and from Torchmark Corporation and associated matters;

(9) breach of oral contracts by Defendant toward Plaintiff regarding Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) breach of oral contracts by Defendant toward Plaintiff regarding court case dismissal on July 30, 2012 detailed above and associated matters; and

(11) breach of oral contracts by Defendant toward Plaintiff regarding court appeal

affirmation on July 2, 2013 detailed above and associated matters; and

(12) breach of oral contracts by Defendant toward Plaintiff regarding employment

applications on November 30, 2013 for positions as Regional Director of Sales with

American Income Life Insurance Company and with Liberty National Life Insurance

Company and associated matters; and

(13) breach of oral contracts by Defendant toward Plaintiff regarding memo on December

23, 2013 from John Livingston (Associate Counsel and Director of Human Resources,

Liberty National Life Insurance Company) and associated matters; and

(14) breach of oral contracts by Defendant toward Plaintiff in regards to Memo Of

Understanding (Sexual Harassment Policy And Procedure) and associated matters; and

(15) breach of oral contracts by Defendant toward Plaintiff in regards to Plaintiff's

religious accommodation requests and associated matters; and

(16) breach of oral contracts by Defendant toward Plaintiff in regards to Plaintiff

opposing going to a strip club and participating in activities where Roger Smith was to be

present with undue pressure and intimidation from other Directors and associated

matters; and

(17) breach of oral contracts by Defendant toward Plaintiff in regards to Plaintiff

opposing the Company policy that was and continues to be discriminatory in that

Directors are expected to ride along in the field with men but not women during weekly

agency visits and associated matters; and

(18) breach of oral contracts by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Defendant and Director Dominic Bertini; and

(19) breach of oral contracts by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Director Tony Hinrichs; and

(20) breach of oral contracts by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Agent Altha Bodner and associated matters; and

(21) breach of oral contracts by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) breach of oral contracts by Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) breach of oral contracts by Defendant  toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level position and associated matters; and

(24) breach of oral contracts by Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) breach of oral contracts by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) breach of oral contracts by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) breach of oral contracts by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) breach of oral contracts by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income.   Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these breach of oral contract causes of action listed above in this paragraph by the Plaintiff against the Defendant are: (1) There are valid contracts; (2) The Plaintiff performed or tendered performance according to the terms of the contracts; (3) The Defendant breached the contracts; and (4) The Plaintiff sustained damages as a result of the breaches; AND

13.     **Breach of Written Contracts** under Federal Laws and/or Texas State Laws:

Causes of action for breach of written contracts by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-

employment, employment and post-employment of the Plaintiff with American Income

Life Insurance Company and Torchmark Corporation. A partial list of specific examples

of breach of written contracts by Defendant toward Plaintiff include:

(1) breach of written contracts by Defendant toward Plaintiff in regards to Policy and

Procedures Acknowledgement on July 28, 2007 and associated matters; and

(2) breach of written contracts by Defendant toward Plaintiff in regards to admission on

January 29, 2008 by Roger Smith during his teenage years on the streets of LA of doing a

pretty poor job of staying out of trouble with the law and associated matters; and

(3) breach of written contracts by Defendant toward Plaintiff in regards to admission on

January 29, 2008 by Roger Smith of getting high when he was sixteen years old and

associated matters; and

(4) breach of written contracts by Defendant toward Plaintiff in regards to

Acknowledgment of Training (sexual harassment sensitivity training) on December 9,

2008 and associated matters; and

(5) breach of written contracts by Defendant toward Plaintiff in regards to employment-

ending communication from Debra Gamble to Plaintiff that happened a couple of minutes

before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October

27, 2009 and associated matters; and

(6) breach of written contracts by Defendant toward Plaintiff in regards to meeting

between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and

associated matters; and

(7) breach of written contracts by Defendant toward Plaintiff in regards to formal

interview notes on October 27, 2009 and associated matters; and

(8) breach of written contracts by Defendant toward Plaintiff in regards to employment termination on October 30, 2009 from American Income Life Insurance Company and from Torchmark Corporation and associated matters;

(9) breach of written contracts by Defendant toward Plaintiff regarding Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) breach of written contracts by Defendant toward Plaintiff regarding court case dismissal on July 30, 2012 detailed above and associated matters; and

(11) breach of written contracts by Defendant toward Plaintiff regarding court appeal affirmation on July 2, 2013 detailed above and associated matters; and

(12) breach of written contracts by Defendant toward Plaintiff regarding employment applications on November 30, 2013 for positions as Regional Director of Sales with American Income Life Insurance Company and with Liberty National Life Insurance Company and associated matters; and

(13) breach of written contracts by Defendant toward Plaintiff regarding memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters; and

(14) breach of written contracts by Defendant toward Plaintiff in regards to Memo Of Understanding (Sexual Harassment Policy And Procedure) and associated matters; and

(15) breach of written contracts by Defendant toward Plaintiff in regards to Plaintiff's religious accommodation requests and associated matters; and

(16) breach of written contracts by Defendant toward Plaintiff in regards to Plaintiff opposing going to a strip club and participating in activities where Roger Smith was to be

present with undue pressure and intimidation from other Directors and associated matters; and

(17) breach of written contracts by Defendant toward Plaintiff in regards to Plaintiff opposing the Company policy that was and continues to be discriminatory in that Directors are expected to ride along in the field with men but not women during weekly agency visits and associated matters; and

(18) breach of written contracts by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Defendant and Director Dominic Bertini and associated matters; and

(19) breach of written contracts by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Director Tony Hinrichs and associated matters; and

(20) breach of written contracts by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Agent Altha Bodner and associated matters; and

(21) breach of written contracts by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) breach of written contracts by Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) breach of written contracts by Defendant toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level position and associated matters; and

(24) breach of written contracts by Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) breach of written contracts by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) breach of written contracts by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) breach of written contracts by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) breach of written contracts by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income. Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these breach of written contract causes of action listed above in this paragraph by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) are: (1) There are valid contracts; (2) The Plaintiff performed or tendered performance according to the terms of the contracts; (3) The Defendant breached the contracts; and (4) The Plaintiff sustained damages as a result of the breaches; AND

14.     **Defamation by Libel** under Federal Laws and/or Texas State Laws:

Causes of action for defamation by libel by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation.  A partial list of specific examples of defamation by libel by Defendant toward Plaintiff include:

(1) defamation by libel by Defendant toward Plaintiff regarding association with formal interview notes on October 27, 2009 and associated matters; and

(2) defamation by libel by Defendant toward Plaintiff regarding association with memo from Debra Gamble dated October 30, 2009 of employment termination of Plaintiff from American Income Life Insurance Company and from Torchmark Corporation and associated matters; and

(3) defamation by libel by Defendant toward Plaintiff regarding association with email from Debra Gamble dated October 30, 2009 of employment termination of Plaintiff from American Income Life Insurance Company and from Torchmark Corporation and associated matters; and

(4) defamation by libel by Defendant toward Plaintiff regarding association with Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(5) defamation by libel by Defendant toward Plaintiff regarding association with court case dismissal on July 30, 2012 detailed above and associated matters; and

(6) defamation by libel by Defendant toward Plaintiff regarding association with court appeal affirmation on July 2, 2013 detailed above and associated matters; and

(7) defamation by libel by Defendant toward Plaintiff regarding association with employment applications on November 30, 2013 for positions as Regional Director of Sales with American Income Life Insurance Company and with Liberty National Life Insurance Company and associated matters; and

(8) defamation by libel by Defendant toward Plaintiff regarding association with memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income.  Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these defamation by libel claims listed above in this paragraph by the Plaintiff against the Defendant are: (1) The Defendant published written statements; (2) The written statements were defamatory concerning the Plaintiff; (3) The Defendant acted with negligence regarding the truth of the written statements; AND

15.   **Defamation by Slander** under Federal Laws and/or Texas State Laws:

Causes of action for defamation by slander by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation.  A partial list of specific examples of defamation by slander by Defendant to Plaintiff include:

(1) defamation by slander by Defendant toward Plaintiff regarding association with formal interview notes on October 27, 2009 and associated matters; and

(2) defamation by slander by Defendant toward Plaintiff regarding association with memo from Debra Gamble dated October 30, 2009 of employment termination of Plaintiff from American Income Life Insurance Company and from Torchmark Corporation and associated matters; and

(3) defamation by slander by Defendant toward Plaintiff regarding association with email from Debra Gamble dated October 30, 2009 of employment termination of Plaintiff from American Income Life Insurance Company and from Torchmark Corporation and associated matters; and

(4) defamation by slander by Defendant toward Plaintiff regarding association with Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(5) defamation by slander by Defendant toward Plaintiff regarding association with court case dismissal on July 30, 2012 detailed above and associated matters; and

(6) defamation by slander by Defendant toward Plaintiff regarding association with court appeal affirmation on July 2, 2013 detailed above and associated matters; and

(7) defamation by slander by Defendant toward Plaintiff regarding association with employment applications on November 30, 2013 for positions as Regional Director of Sales with American Income Life Insurance Company and with Liberty National Life Insurance Company and associated matters; and

(8) defamation by slander by Defendant toward Plaintiff regarding association with memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income. Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these defamation claims listed above in this paragraph by the Plaintiff against the Defendant are: (1) The Defendant provided oral statements; (2) The oral statements were defamatory concerning the Plaintiff; (3) The Defendant acted with negligence regarding the truth of the oral statements; AND

16.   **Fraud by Misrepresentation** under Federal Laws and/or Texas State Laws:

Causes of action for fraud by misrepresentation by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation. A partial list of specific examples of fraud by misrepresentation by Defendant to Plaintiff include:

(1) fraud by misrepresentation by Defendant toward Plaintiff in regards to Policy and Procedures Acknowledgement on July 28, 2007 and associated matters; and

(2) fraud by misrepresentation by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith during his teenage years on the streets of LA of doing a pretty poor job of staying out of trouble with the law and associated matters; and

(3) fraud by misrepresentation by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith of getting high when he was sixteen years old and associated matters; and

(4) fraud by misrepresentation by Defendant toward Plaintiff in regards to Acknowledgment of Training (sexual harassment sensitivity training) on December 9, 2008 and associated matters; and

(5) fraud by misrepresentation by Defendant toward Plaintiff in regards to employment-ending communication from Debra Gamble to Plaintiff that happened a couple of minutes before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(6) fraud by misrepresentation by Defendant toward Plaintiff in regards to meeting between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(7) fraud by misrepresentation by Defendant toward Plaintiff in regards to formal interview notes on October 27, 2009 and associated matters; and

(8) fraud by misrepresentation by Defendant toward Plaintiff in regards to employment termination on October 30, 2009 from American Income Life Insurance Company and from Torchmark Corporation and associated matters;

(9) fraud by misrepresentation by Defendant toward Plaintiff regarding Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) fraud by misrepresentation by Defendant toward Plaintiff regarding court case dismissal on July 30, 2012 detailed above and associated matters; and

(11) fraud by misrepresentation by Defendant toward Plaintiff regarding court appeal affirmation on July 2, 2013 detailed above and associated matters; and

(12) fraud by misrepresentation by Defendant toward Plaintiff regarding employment applications on November 30, 2013 for positions as Regional Director of Sales with American Income Life Insurance Company and with Liberty National Life Insurance Company and associated matters; and

(13) fraud by misrepresentation by Defendant toward Plaintiff regarding memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters; and

(14) fraud by misrepresentation by Defendant toward Plaintiff in regards to Memo Of Understanding (Sexual Harassment Policy And Procedure) and associated matters; and

(15) fraud by misrepresentation by Defendant toward Plaintiff in regards to Plaintiff's religious accommodation requests and associated matters; and

(16) fraud by misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing going to a strip club and participating in activities where Roger Smith was to be present with undue pressure and intimidation from other Directors and associated matters; and

(17) fraud by misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing the Company policy that was and continues to be discriminatory in that Directors are expected to ride along in the field with men but not women during weekly agency visits and associated matters; and

(18) fraud by misrepresentation by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Defendant and Director Dominic Bertini; and

(19) fraud by misrepresentation by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Director Tony Hinrichs; and

(20) fraud by misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Agent Altha Bodner and associated matters; and

(21) fraud by misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) fraud by misrepresentation by Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) fraud by misrepresentation by Defendant  toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level positions and associated matters; and

(24) fraud by misrepresentation by Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) fraud by misrepresentation by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) fraud by misrepresentation by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) fraud by misrepresentation by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) fraud by misrepresentation by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income.  Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these causes of action for fraud by misrepresentation listed above in this paragraph by the Plaintiff against the Defendant are: (1) Material representations were made to persons including the Plaintiff; (2) The material representations were false; (3) When the material misrepresentations were made; (4) The

Defendant (i) knew that the material representations were false, or (ii) made the material representations recklessly without any knowledge of their truth and as positive assertions; (5) The Defendant made the material representations with the intent that they should be acted upon by the persons, including the Plaintiff, to whom the Defendant made the representations; (6) The persons, including the Plaintiff, to whom the material representations were made acted in reliance upon the representations; and (7) The persons, including the Plaintiff, to whom the material representations were made suffered injuries and damages; AND

17.    **Fraud by Nondisclosure** under Federal Laws and/or Texas State Laws:

Causes of action for fraud by nondisclosure by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation.  A partial list of specific examples of fraud by nondisclosure by Defendant to Plaintiff include:

(1) fraud by nondisclosure by Defendant toward Plaintiff in regards to Policy and Procedures Acknowledgement on July 28, 2007 and associated matters; and

(2) fraud by nondisclosure by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith during his teenage years on the streets of LA of doing a pretty poor job of staying out of trouble with the law and associated matters; and

(3) fraud by nondisclosure by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith of getting high when he was sixteen years old and associated matters; and

(4) fraud by nondisclosure by Defendant toward Plaintiff in regards to Acknowledgment of Training (sexual harassment sensitivity training) on December 9, 2008 and associated matters; and

(5) fraud by nondisclosure by Defendant toward Plaintiff in regards to employment-ending communication from Debra Gamble to Plaintiff that happened a couple of minutes before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(6) fraud by nondisclosure by Defendant toward Plaintiff in regards to meeting between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(7) fraud by nondisclosure by Defendant toward Plaintiff in regards to formal interview notes on October 27, 2009 and associated matters; and

(8) fraud by nondisclosure by Defendant toward Plaintiff in regards to employment termination on October 30, 2009 from American Income Life Insurance Company and from Torchmark Corporation and associated matters;

(9) fraud by nondisclosure by Defendant toward Plaintiff regarding Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) fraud by nondisclosure by Defendant toward Plaintiff regarding court case dismissal on July 30, 2012 detailed above and associated matters; and

(11) fraud by nondisclosure by Defendant toward Plaintiff regarding court appeal affirmation on July 2, 2013 detailed above and associated matters; and

(12) fraud by nondisclosure by Defendant toward Plaintiff regarding employment applications on November 30, 2013 for positions as Regional Director of Sales with American Income Life Insurance Company and with Liberty National Life Insurance Company and associated matters; and

(13) fraud by nondisclosure by Defendant toward Plaintiff regarding memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters; and

(14) fraud by nondisclosure by Defendant toward Plaintiff in regards to Memo Of Understanding (Sexual Harassment Policy And Procedure) and associated matters; and

(15) fraud by nondisclosure by Defendant toward Plaintiff in regards to Plaintiff's religious accommodation requests and associated matters; and

(16) fraud by nondisclosure by Defendant toward Plaintiff in regards to Plaintiff opposing going to a strip club and participating in activities where Roger Smith was to be present with undue pressure and intimidation from other Directors and associated matters; and

(17) fraud by nondisclosure by Defendant toward Plaintiff in regards to Plaintiff opposing the Company policy that was and continues to be discriminatory in that Directors are expected to ride along in the field with men but not women during weekly agency visits and associated matters; and

(18) fraud by nondisclosure by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Defendant and Director Dominic Bertini and associated matters; and

(19) fraud by nondisclosure by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Director Tony Hinrichs; and

(20) fraud by nondisclosure by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Agent Altha Bodner and associated matters; and

(21) fraud by nondisclosure by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) fraud by nondisclosure by Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) fraud by nondisclosure by Defendant  toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level positions and associated matters; and

(24) fraud by nondisclosure by Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) fraud by nondisclosure by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) fraud by nondisclosure by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) fraud by nondisclosure by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) fraud by nondisclosure by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income.  Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these causes of action for fraud by nondisclosure listed above in this paragraph by the Plaintiff against the Defendant are: (1) The Defendant failed to disclose facts to the Plaintiff; (2) The Defendant had a duty to disclose those facts; (3) The facts were material; (4) The Defendant knew the Plaintiff was ignorant of the facts and the Plaintiff did not have an equal opportunity to discover the facts; (5) The Defendant was deliberately silent when it had a duty to speak; (6) By failing to disclose the facts, the Defendant intended to induce the Plaintiff to take some action or refrain from acting; (7) The Plaintiff relied on the Defendant's nondisclosure; and (8) The Plaintiff was injured as a result of acting without that knowledge; AND

18.    **Intentional Infliction of Emotional Distress** under Federal Laws and/or Texas State Laws:

Causes of action for intentional infliction of emotional distress by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation.  A partial list of specific examples of intentional infliction of emotional distress by Defendant to Plaintiff include:

(1) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to Policy and Procedures Acknowledgement on July 28, 2007 and associated matters; and

(2) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith during his teenage years on the streets of LA of doing a pretty poor job of staying out of trouble with the law and associated matters; and

(3) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith of getting high when he was sixteen years old and associated matters; and

(4) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to Acknowledgment of Training (sexual harassment sensitivity training) on December 9, 2008 and associated matters; and

(5) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to employment-ending communication from Debra Gamble to Plaintiff that happened a couple of minutes before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(6) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to meeting between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(7) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to formal interview notes on October 27, 2009 and associated matters; and

(8) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to employment termination on October 30, 2009 from American Income Life Insurance Company and from Torchmark Corporation and associated matters;

(9) intentional infliction of emotional distress by Defendant toward Plaintiff regarding Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) intentional infliction of emotional distress by Defendant toward Plaintiff regarding court case dismissal on July 30, 2012 detailed above and associated matters; and

(11) intentional infliction of emotional distress by Defendant toward Plaintiff regarding court appeal affirmation on July 2, 2013 detailed above and associated matters; and

(12) intentional infliction of emotional distress by Defendant toward Plaintiff regarding employment applications on November 30, 2013 for positions as Regional Director of Sales with American Income Life Insurance Company and with Liberty National Life Insurance Company and associated matters; and

(13) intentional infliction of emotional distress by Defendant toward Plaintiff regarding memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters; and

(14) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to Memo Of Understanding (Sexual Harassment Policy And Procedure) and associated matters; and

(15) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to Plaintiff's religious accommodation requests and associated matters; and

(16) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to Plaintiff opposing going to a strip club and participating in activities where Roger Smith was to be present with undue pressure and intimidation from other Directors and associated matters; and

(17) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to Plaintiff opposing the Company policy that was and continues to be discriminatory in that Directors are expected to ride along in the field with men but not women during weekly agency visits and associated matters; and

(18) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Defendant and Director Dominic Bertini; and

(19) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Director Tony Hinrichs; and

(20) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Agent Altha Bodner and associated matters; and

(21) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) intentional infliction of emotional distress by Defendant  toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level positions and associated matters; and

(24) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) intentional infliction of emotional distress by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) intentional infliction of emotional distress by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) intentional infliction of emotional distress by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income.  Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these causes of action for intentional infliction of emotional distress listed above in this paragraph by the Plaintiff against the Defendant are: (1) The Defendant acted intentionally or recklessly; (2) The conduct by the Defendant was extreme and outrageous; (3) The acts of the Defendant caused the Plaintiff to suffer emotional distress; and (4) The emotional distress suffered by the Plaintiff was severe; AND

19.    **Interference with Existing Contract** under Federal Laws and/or Texas State Laws:

Causes of action for interference with existing contract by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation.  A partial list of specific examples of interference with existing contracts by Defendant toward Plaintiff include: (1) interference with existing contract by Defendant toward Plaintiff in regards to Policy and Procedures Acknowledgement on July 28, 2007 and associated matters; and (2) interference with existing contract by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith during his teenage years on the streets of

LA of doing a pretty poor job of staying out of trouble with the law and associated matters; and

(3) interference with existing contract by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith of getting high when he was sixteen years old and associated matters; and

(4) interference with existing contract by Defendant toward Plaintiff in regards to Acknowledgment of Training (sexual harassment sensitivity training) on December 9, 2008 and associated matters; and

(5) interference with existing contract by Defendant toward Plaintiff in regards to employment-ending communication from Debra Gamble to Plaintiff that happened a couple of minutes before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(6) interference with existing contract by Defendant toward Plaintiff in regards to meeting between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(7) interference with existing contract by Defendant toward Plaintiff in regards to formal interview notes on October 27, 2009 and associated matters; and

(8) interference with existing contract by Defendant toward Plaintiff in regards to employment termination on October 30, 2009 from American Income Life Insurance Company and from Torchmark Corporation and associated matters;

(9) interference with existing contract by Defendant toward Plaintiff regarding Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) interference with existing contract by Defendant toward Plaintiff regarding court

case dismissal on July 30, 2012 detailed above and associated matters; and

(11) interference with existing contract by Defendant toward Plaintiff regarding court

appeal affirmation on July 2, 2013 detailed above and associated matters; and

(12) interference with existing contract by Defendant toward Plaintiff regarding

employment applications on November 30, 2013 for positions as Regional Director of

Sales with American Income Life Insurance Company and with Liberty National Life

Insurance Company and associated matters; and

(13) interference with existing contract by Defendant toward Plaintiff regarding memo on

December 23, 2013 from John Livingston (Associate Counsel and Director of Human

Resources, Liberty National Life Insurance Company) and associated matters; and

(14) interference with existing contract by Defendant toward Plaintiff in regards to Memo

Of Understanding (Sexual Harassment Policy And Procedure) and associated matters;

and

(15) interference with existing contract by Defendant toward Plaintiff in regards to

religious accommodation requests and associated matters; and

(16) interference with existing contract by Defendant toward Plaintiff in regards to

Plaintiff opposing going to a strip club and participating in activities where Roger Smith

was to be present with undue pressure and intimidation from other Directors and

associated matters; and

(17) interference with existing contract by Defendant toward Plaintiff in regards to

Plaintiff opposing the Company policy that was and continues to be discriminatory in that

Directors are expected to ride along in the field with men but not women during weekly agency visits and associated matters; and

(18) interference with existing contract by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Defendant and Director Dominic Bertini and associated matters; and

(19) interference with existing contract by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Director Tony Hinrichs and associated matters; and

(20) interference with existing contract by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Agent Altha Bodner and associated matters; and

(21) interference with existing contract by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) interference with existing contract by Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) interference with existing contract by Defendant  toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level positions and associated matters; and

(24) interference with existing contract by Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) interference with existing contract by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) interference with existing contract by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) interference with existing contract by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) interference with existing contract by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income. Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these claims of interference with existing contracts listed above in this paragraph by the Plaintiff against the Defendant are: (1) There exists contracts that are subject to interference; (2) There are willful and intentional acts of interference by the Defendant; and (3) The Defendant's intentional acts of interference were a proximate cause of actual damages to the Plaintiff; AND

20.    **Interference with Prospective Contract** under Federal Laws and/or Texas State Laws:

Causes of action for interference with prospective contract by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation.  A partial list of specific examples of interference with prospective contracts by Defendant toward Plaintiff include:

 (1) interference with prospective contracts by Defendant toward Plaintiff in regards to continued growth in both responsibility level and compensation level in the insurance industry and associated matters; and

(2) interference with prospective contracts by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(3) interference with prospective contracts by Defendant toward Plaintiff in regards to career-long promotions and career-long compensation growth with American Income Life Insurance Company and with Torchmark Corporation.

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income.  Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these claims listed above in this paragraph for interference with prospective contracts by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) are: (1) There must be a "reasonable probability" that the Plaintiff would have entered into the prospective relationship or contract; (2) An "independently tortious or wrongful" act by the Defendant that prevented the relationship from occurring; (3) The Defendant did such act with a conscious desire to prevent the relationship from occurring, or knew that the interference was certain or substantially certain to occur as a result of the Defendant's conduct; and (4) The Plaintiff suffered actual harm or damage as a result of the Defendant's interference; AND

21.     **Invasion of Privacy** under Federal Laws and/or Texas State Laws:

Causes of action for invasion of privacy by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation.  A partial list of specific examples of invasion of privacy by Defendant toward Plaintiff include:

(1) invasion of privacy by Defendant toward Plaintiff in regards to meeting between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(2) invasion of privacy by Defendant toward Plaintiff regarding personnel file of Plaintiff in association with memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters; and

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income. Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these claims for invasion of privacy listed above in this paragraph by the Plaintiff against the Defendant are: (1) The Defendant intentionally intruded on the Plaintiff's solitude, seclusion, or private affairs; and (2) The intrusion would be highly offensive to a reasonable person; AND

22.   **Misrepresentation** under Federal Laws and/or Texas State Laws:

Causes of action for misrepresentation by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation. A partial list of specific examples of misrepresentation by Defendant to Plaintiff include:

(1) misrepresentation by Defendant toward Plaintiff in regards to Policy and Procedures Acknowledgement on July 28, 2007 and associated matters; and

(2) misrepresentation by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith during his teenage years on the streets of LA of doing a pretty poor job of staying out of trouble with the law and associated matters; and

(3) misrepresentation by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith of getting high when he was sixteen years old and associated matters; and

(4) misrepresentation by Defendant toward Plaintiff in regards to Acknowledgment of Training (sexual harassment sensitivity training) on December 9, 2008 and associated matters; and

(5) misrepresentation by Defendant toward Plaintiff in regards to employment-ending communication from Debra Gamble to Plaintiff that happened a couple of minutes before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(6) misrepresentation by Defendant toward Plaintiff in regards to meeting between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(7) misrepresentation by Defendant toward Plaintiff in regards to formal interview notes on October 27, 2009 and associated matters; and

(8) misrepresentation by Defendant toward Plaintiff in regards to employment termination on October 30, 2009 from American Income Life Insurance Company and from Torchmark Corporation and associated matters;

(9) misrepresentation by Defendant toward Plaintiff regarding Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) misrepresentation by Defendant toward Plaintiff regarding court case dismissal on July 30, 2012 detailed above and associated matters; and

(11) misrepresentation by Defendant toward Plaintiff regarding court appeal affirmation on July 2, 2013 detailed above and associated matters; and

(12) misrepresentation by Defendant toward Plaintiff regarding employment applications on November 30, 2013 for positions as Regional Director of Sales with American Income Life Insurance Company and with Liberty National Life Insurance Company and associated matters; and

(13) misrepresentation by Defendant toward Plaintiff regarding memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters; and

(14) misrepresentation by Defendant toward Plaintiff in regards to Memo Of Understanding (Sexual Harassment Policy And Procedure) and associated matters; and

(15) misrepresentation by Defendant toward Plaintiff in regards to Plaintiff's religious accommodation requests and associated matters; and

(16) misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing going to a strip club and participating in activities where Roger Smith was to be present with undue pressure and intimidation from other Directors and associated matters; and

(17) misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing the Company policy that was and continues to be discriminatory in that Directors are expected to ride along in the field with men but not women during weekly agency visits and associated matters; and

(18) misrepresentation by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Defendant and Director Dominic Bertini and associated matters; and

(19) misrepresentation by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Director Tony Hinrichs and associated matters; and

(20) misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Agent Altha Bodner and associated matters; and

(21) misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) misrepresentation by Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) misrepresentation by Defendant toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level positions and associated matters; and

(24) misrepresentation by Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) misrepresentation by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) misrepresentation by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) misrepresentation by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) misrepresentation by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income.  Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these causes of action for misrepresentation listed above in this paragraph by the Plaintiff against the Defendant are:  (1) The Defendant provided information in the course of his business, or in transactions in which he has a pecuniary interest; (2) The information supplied was false; (3) The Defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) The Plaintiff justifiably relied on the information; and (5) The Plaintiff suffers damages proximately caused by his reliance on the false information; AND

23.    **Negligence** under Federal Laws and/or Texas State Laws:

Causes of action for negligence by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance

Company and Torchmark Corporation.  A partial list of specific examples of negligence by Defendant to Plaintiff include:

(1) negligence by Defendant toward Plaintiff in regards to Policy and Procedures Acknowledgement on July 28, 2007 and associated matters; and

(2) negligence by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith during his teenage years on the streets of LA of doing a pretty poor job of staying out of trouble with the law and associated matters; and

(3) negligence by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith of getting high when he was sixteen years old and associated matters; and

(4) negligence by Defendant toward Plaintiff in regards to Acknowledgment of Training (sexual harassment sensitivity training) on December 9, 2008 and associated matters; and

(5) negligence by Defendant toward Plaintiff in regards to employment-ending communication from Debra Gamble to Plaintiff that happened a couple of minutes before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(6) negligence by Defendant toward Plaintiff in regards to meeting between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(7) negligence by Defendant toward Plaintiff in regards to formal interview notes on October 27, 2009 and associated matters; and

(8) negligence by Defendant toward Plaintiff in regards to employment termination on October 30, 2009 from American Income Life Insurance Company and from Torchmark Corporation and associated matters;

(9) negligence by Defendant toward Plaintiff regarding Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) negligence by Defendant toward Plaintiff regarding court case dismissal on July 30, 2012 detailed above and associated matters; and

(11) negligence by Defendant toward Plaintiff regarding court appeal affirmation on July 2, 2013 detailed above and associated matters; and

(12) negligence by Defendant toward Plaintiff regarding employment applications on November 30, 2013 for positions as Regional Director of Sales with American Income Life Insurance Company and with Liberty National Life Insurance Company and associated matters; and

(13) negligence by Defendant toward Plaintiff regarding memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters; and

(14) negligence by Defendant toward Plaintiff in regards to Memo Of Understanding (Sexual Harassment Policy And Procedure) and associated matters; and

(15) negligence by Defendant toward Plaintiff in regards to Plaintiff's religious accommodation requests and associated matters; and

(16) negligence by Defendant toward Plaintiff in regards to Plaintiff opposing going to a strip club and participating in activities where Roger Smith was to be present with undue pressure and intimidation from other Directors and associated matters; and

(17) negligence by Defendant toward Plaintiff in regards to Plaintiff opposing the Company policy that was and continues to be discriminatory in that Directors are

expected to ride along in the field with men but not women during weekly agency visits and associated matters; and

(18) negligence by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Defendant and Director Dominic Bertini and associated matters; and

(19) negligence by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Director Tony Hinrichs and associated matters; and

(20) negligence by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Agent Altha Bodner and associated matters; and

(21) negligence by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) negligence by Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) negligence by Defendant  toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level positions and associated matters; and

(24) negligence by Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) negligence by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) negligence by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) negligence by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) negligence by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income. Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these negligence causes of action listed above in this paragraph by the Plaintiff against the Defendant are: (1) The Defendant owed a legal duty to the Plaintiff; (2) The Defendant breached that duty; and (3) The breach was a proximate cause of the Plaintiff's personal injuries or property damages; AND

24. **Negligent Misrepresentation** under Federal Laws and/or Texas State Laws:

Causes of action for negligent misrepresentation by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-

employment, employment and post-employment of the Plaintiff with American Income

Life Insurance Company and Torchmark Corporation.  A partial list of specific examples

of negligent misrepresentation by Defendant to Plaintiff include:

(1) negligent misrepresentation by Defendant toward Plaintiff in regards to Policy and

Procedures Acknowledgement on July 28, 2007 and associated matters; and

(2) negligent misrepresentation by Defendant toward Plaintiff in regards to admission on

January 29, 2008 by Roger Smith during his teenage years on the streets of LA of doing a

pretty poor job of staying out of trouble with the law and associated matters; and

(3) negligent misrepresentation by Defendant toward Plaintiff in regards to admission on

January 29, 2008 by Roger Smith of getting high when he was sixteen years old and

associated matters; and

(4) negligent misrepresentation by Defendant toward Plaintiff in regards to

Acknowledgment of Training (sexual harassment sensitivity training) on December 9,

2008 and associated matters; and

(5) negligent misrepresentation by Defendant toward Plaintiff in regards to employment-

ending communication from Debra Gamble to Plaintiff that happened a couple of minutes

before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October

27, 2009 and associated matters; and

(6) negligent misrepresentation by Defendant toward Plaintiff in regards to meeting

between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and

associated matters; and

(7) negligent misrepresentation by Defendant toward Plaintiff in regards to formal

interview notes on October 27, 2009 and associated matters; and

(8) negligent misrepresentation by Defendant toward Plaintiff in regards to employment

termination on October 30, 2009 from American Income Life Insurance Company and

from Torchmark Corporation and associated matters;

(9) negligent misrepresentation by Defendant toward Plaintiff regarding Affidavit of

Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and

Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) negligent misrepresentation by Defendant toward Plaintiff regarding court case

dismissal on July 30, 2012 detailed above and associated matters; and

(11) negligent misrepresentation by Defendant toward Plaintiff regarding court appeal

affirmation on July 2, 2013 detailed above and associated matters; and

(12) negligent misrepresentation by Defendant toward Plaintiff regarding employment

applications on November 30, 2013 for positions as Regional Director of Sales with

American Income Life Insurance Company and with Liberty National Life Insurance

Company and associated matters; and

(13) negligent misrepresentation by Defendant toward Plaintiff regarding memo on

December 23, 2013 from John Livingston (Associate Counsel and Director of Human

Resources, Liberty National Life Insurance Company) and associated matters; and

(14) negligent misrepresentation by Defendant toward Plaintiff in regards to Memo Of

Understanding (Sexual Harassment Policy And Procedure) and associated matters; and

(15) negligent misrepresentation by Defendant toward Plaintiff in regards to Plaintiff's

religious accommodation requests and associated matters; and

(16) negligent misrepresentation by Defendant toward Plaintiff in regards to Plaintiff

opposing going to a strip club and participating in activities where Roger Smith was to be

present with undue pressure and intimidation from other Directors and associated matters; and

(17) negligent misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing the Company policy that was and continues to be discriminatory in that Directors are expected to ride along in the field with men but not women during weekly agency visits and associated matters; and

(18) negligent misrepresentation by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Defendant and Director Dominic Bertini and associated matters; and

(19) negligent misrepresentation by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Director Tony Hinrichs and associated matters; and

(20) negligent misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Agent Altha Bodner and associated matters; and

(21) negligent misrepresentation by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) negligent misrepresentation by Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) negligent misrepresentation by Defendant toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level positions and associated matters; and

(24) negligent misrepresentation by Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) negligent misrepresentation by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) negligent misrepresentation by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) negligent misrepresentation by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) negligent misrepresentation by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income. Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these causes of action for negligent misrepresentation listed above in this paragraph by the Plaintiff against the Defendant are: (1) The Defendant provided information in the course of his business, or in transactions in which he has a pecuniary interest; (2) The information supplied was false; (3) The Defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) The Plaintiff justifiably relied on the information; and (5) The Plaintiff suffers damages proximately caused by his reliance on the false information; AND

25. **Promissory Estoppel** under Federal Laws and/or Texas State Laws:

Causes of action for promissory estoppel by the Plaintiff David Despot (Plaintiff) against the Defendant Dominic Bertini (Defendant) occurred during pre-employment, employment and post-employment of the Plaintiff with American Income Life Insurance Company and Torchmark Corporation. A partial list of specific examples of promissory estoppels by Defendant to Plaintiff include:

(1) promissory estoppels by Defendant toward Plaintiff in regards to Policy and Procedures Acknowledgement on July 28, 2007 and associated matters; and

(2) promissory estoppels by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith during his teenage years on the streets of LA of doing a pretty poor job of staying out of trouble with the law and associated matters; and

(3) promissory estoppels by Defendant toward Plaintiff in regards to admission on January 29, 2008 by Roger Smith of getting high when he was sixteen years old and associated matters; and

(4) promissory estoppels by Defendant toward Plaintiff in regards to Acknowledgment of Training (sexual harassment sensitivity training) on December 9, 2008 and associated matters; and

(5) promissory estoppels by Defendant toward Plaintiff in regards to employment-ending communication from Debra Gamble to Plaintiff that happened a couple of minutes before the meeting with the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(6) promissory estoppels by Defendant toward Plaintiff in regards to meeting between the Plaintiff and Debra Gamble and Brian Mitchell on October 27, 2009 and associated matters; and

(7) promissory estoppels by Defendant toward Plaintiff in regards to formal interview notes on October 27, 2009 and associated matters; and

(8) promissory estoppels by Defendant toward Plaintiff in regards to employment termination on October 30, 2009 from American Income Life Insurance Company and from Torchmark Corporation and associated matters;

(9) promissory estoppels by Defendant toward Plaintiff regarding Affidavit of Debra Gamble of March 29, 2012, Affidavit of Robert Falvo of March 29, 2012, and Affidavit of Donna Tucker of March 29, 2012 and associated matters; and

(10) promissory estoppels by Defendant toward Plaintiff regarding court case dismissal on July 30, 2012 detailed above and associated matters; and

(11) promissory estoppels by Defendant toward Plaintiff regarding court appeal affirmation on July 2, 2013 detailed above and associated matters; and

(12) promissory estoppels by Defendant toward Plaintiff regarding employment applications on November 30, 2013 for positions as Regional Director of Sales with American Income Life Insurance Company and with Liberty National Life Insurance Company and associated matters; and

(13) promissory estoppels by Defendant toward Plaintiff regarding memo on December 23, 2013 from John Livingston (Associate Counsel and Director of Human Resources, Liberty National Life Insurance Company) and associated matters; and

(14) promissory estoppels by Defendant toward Plaintiff in regards to Memo Of Understanding (Sexual Harassment Policy And Procedure) and associated matters; and

(15) promissory estoppels by Defendant toward Plaintiff in regards to Plaintiff's religious accommodation requests and associated matters; and

(16) promissory estoppels by Defendant toward Plaintiff in regards to Plaintiff opposing going to a strip club and participating in activities where Roger Smith was to be present with undue pressure and intimidation from other Directors and associated matters; and

(17) promissory estoppels by Defendant toward Plaintiff in regards to Plaintiff opposing the Company policy that was and continues to be discriminatory in that Directors are expected to ride along in the field with men but not women during weekly agency visits and associated matters; and

(18) promissory estoppels by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Defendant and Director Dominic Bertini and associated matters; and

(19) promissory estoppels by Defendant toward Plaintiff in regards to violations of Company sexual harassment policy and other Company policies by Director Tony Hinrichs and associated matters; and

(20) promissory estoppels by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Agent Altha Bodner and associated matters; and

(21) promissory estoppels by Defendant toward Plaintiff in regards to Plaintiff opposing violations of Company sexual harassment and other Company policies against Administrator Diane Lombardo and associated matters; and

(22) promissory estoppels by Defendant toward Plaintiff in regards to additional bonus compensation for the recruiting of and the directing of three to four external State General Agents on a yearly basis and associated matters; and

(23) promissory estoppels by Defendant  toward Plaintiff in regards to promotion to Vice President of SGA Development and/or other Vice President level positions and associated matters; and

(24) promissory estoppels by Defendant toward Plaintiff in regards to growth in both responsibility level and compensation level and associated matters; and

(25) promissory estoppels by Defendant toward Plaintiff in regards to long-term employment until retirement with American Income Life Insurance Company and with Torchmark Corporation and associated matters; and

(26) promissory estoppels by Defendant toward Plaintiff in regards to discrimination matters (age, sex, sexual harassment, religious, retaliation, race, etc.) and associated matters;

(27) promissory estoppels by Defendant toward Plaintiff regarding employment discrimination policies of American Income Life Insurance Company and of Torchmark Corporation and associated matters; and

(28) promissory estoppels by Defendant toward Plaintiff regarding criminal law violations by State General Agent Zach Hart and by State General Agent Matt Hart and associated matters;

As a result, the Plaintiff suffered serious damages with a partial list including termination of employment, declination of reinstatement of employment, dismissed complaint, appeal affirmed, declination of employment application, and substantial loss of income.  Accordingly, this Court should award the Plaintiff with relief as requested within this Complaint.

The existing elements of these causes of action for promissory estoppels listed above in this paragraph by the Plaintiff against the Defendant are:  (1) Promises were made to the Plaintiff; (2) The Defendant could foresee that the Plaintiff would rely on the promises; (3) The Plaintiff did substantially rely on the promises to his detriment; and (4) Injustice can be avoided only by the legal enforcement of the promises against the Defendant; AND

26.     **Title 28 U.S.C. 1332(a)(1)**  under Federal Laws and/or Texas State Laws: A lawsuit between citizens (Plaintiff David Despot and Defendant Dominic Bertini) of different states where the matter in controversy exceeds $75,000; AND

27.     **Other Federal Laws and/or Texas State Laws applicable to this Complaint by Plaintiff David Despot against Defendant Dominic Bertini.**

## (C) PLAINTIFF'S REQUESTS FOR RELIEF, SUCH AS MONEY DAMAGES, INJUNCTION, OR OTHER ACTION YOU WANT THE COURT TO TAKE:

28.    Plaintiff David Despot (Plaintiff) requests and prays that the following relief in an amount much more than $75,000 be awarded through judgment to the Plaintiff and against the Defendant Dominic Bertini (Defendant) as follows:

(1)    Appointment by the Court of legal counsel to represent the Plaintiff to assure that proper justice is served in this case;

(2)    Total support by Defendant for reinstatement of Plaintiff's employment with American Income Life / Torchmark Corporation;

(3)    Money damages to Plaintiff and against the Defendant with damage amounts determined by jury for damages to the Plaintiff as follows:

    (a)    Lost Income and Benefits

    (b)    Substantial damages to Plaintiff's credit rating

    (c)    Compensatory Damages

    (d)    Consequential Damages

    (e)    Costs

    (f)    Damages

    (g)    Emotional Distress Damages

    (h)    Equitable Relief

    (i)    Financial Harm Damages

    (j)    General, unliquidated damages

    (k)    Humiliation Damages

(l)     Indignity Damages

(m)     Legal Representation and Fees, Award of Costs and Expert
        Witness Fees

(n)     Loss of Past and Future Income and Benefits Damages

(o)     Pain and Suffering Damages

(p)     Personal Harm Damages

(q)     Punitive Damages

(r)     Redress

(s)     Reformation Damages

(t)     Restitution

(u)     Other relief be awarded as seen fit by this Honorable Court

Respectfully Submitted,

David Despot

July 26, 2014

UNITED STATES DISTRICT COURT

for the

Northern District of Texas

David Despot,                                          )

Plaintiff                                             )

                                                      )

v.                                                    )        Civil Action No.

                                                      )

Dominic Bertini,                                      )

Defendant                                            )        Jury Trial Requested

                                                      )

                                                      )

                                                      )

                                                      )

                                                      )

<u>CERTIFICATE OF SERVICE</u>

I, David Despot, Plaintiff, hereby certify that on the _____ day of August, 2014, I

served by First Class U.S. mail, Certified, Return Receipt Requested to as follows: (1) a

true and correct copy of the within COMPLAINT (July 26, 2014); (2) one AO 398 Notice

Of A Lawsuit And Request To Waive Service Of Summons; (3) two AO 399 Waivers Of

The Service Of Summons; and (4) one self-addressed stamped envelope for return of AO

399 for filing as proof of service on the following as follows:


Dominic Bertini

American Income Life Insurance Company / Torchmark Corporation

3700 South Stonebridge Drive

McKinney, TX 75070

Telephone:  972-569-4000


BY:   _____

David Despot

27611 Evergreen Run

Imperial, PA  15126

Telephone: 412-855-9047


Dated:  _____

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

David Despot

## DEFENDANTS

Dominic Bertini

**(b)** County of Residence of First Listed Plaintiff **Allegheny (PA)**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Unknown County (CA)**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Unrepresented Plaintiff

Attorneys *(If Known)*

Unknown

RECEIVED
JUL 29 2014
CLERK U.S. DISTRICT
NORTHERN TEXAS

**3-14CV2711-B**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity; See Multiple U.S. Civil Statutes Listed Within Complaint;

Brief description of cause:
Diversity; See Multiple Causes Of Action Listed Within Complaint including Fraud; Misrepresentation; Negligence;

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE **7/26/14**

SIGNATURE OF ATTORNEY OF RECORD
*David Despot, Unrepresented Plaintiff*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

©2003, DuPont™ AND TYVEK® ARE TRADEMARKS OF DUPONT.

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

# PRIORITY
★ MAIL ★

DATE OF DELIVERY SPECIFIED*

USPS TRACKING™ INCLUDED*

INSURANCE INCLUDED*

PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

PS00000000013



EP14 July 2013
OD: 11.625 x 15.125

USPS TRACKING #

9114 9011 5981 8589 471 53

Label 400 Jan. 2013
7690-16-000-7946

FROM:

David Despot
27611 Evergreen Run
Imperial, PA 15126

TO:

United States District Court for the
Northern District of Texas
U.S. District Clerk's Office
1100 Commerce Street, Room 1452
Dallas, TX 75242

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE



1020

75242

RECEIVED

JUL 2 9 2014

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS



U.S. POSTAGE
PITTSBURGH, PA
JUL 28, 14
AMOUNT

$11.90
00046BB-11

PRIORITY MAIL
POSTAGE REQUIRED

Please
Recycle

DuPont™ Tyvek®
Protect What's Inside.™

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14 © U.S. Postal Service; July 2013; All rights reserved.